## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

SAMUEL RAMOS RIVERA,
  Plaintiff,

v.

DEPARTAMENTO DE LA FAMILIA, ET AL.,
  Defendants.

Civil No. 05-1109 (HL)

## OPINION AND ORDER

    Plaintiff Samuel Ramos Rivera a former employee of the Commonwealth of Puerto Rico Department of the Family (Departamento de la Familia de Puerto Rico) brings this action against the Commonwealth of Puerto Rico; the Commonwealth of Puerto Rico Department of the Family; and the following individuals in both their individual and official capacities: Azalia Ortega-de-Tirado, Carmen L. Arroyo-Chinea, Luis Calderón-Torres, Abigail Matos, Olga Torres-Ortega, and Virginia Pizarro. Plaintiff's action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, and alleges political discrimination and retaliation for "whistle- blowing" in violation of the First Amendment. Plaintiff also seeks to invoke this Court's supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico, specifically Puerto Rico Law No. 100 of June 30, 1959, 29 L.P.R.A 146, *et seq.*; Law No. 115 of December 20, 1991, 29 LPRA § 194a, *et seq.*; Law No. 426 of November 7, 2000, 1 L.P.R.A. § 601, *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141, 5142.

    Pending before the Court is Defendants' unopposed motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[1] Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

---

    [1] *See* Dkt. Nos. 12, 20.

2

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). A court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## BACKGROUND

The facts as set forth in the complaint are as follows: Plaintiff Samuel Ramos Rivera began to work for the Commonwealth of Puerto Rico Department of the Family (hereinafter the "Department") on November 21, 1978. He continued to work for the Department until his termination on February 3, 2004. For the last seventeen (17) years of his employment with the Department, Ramos occupied the position of Fiscal Assistant II, in the Department's ADSEF Division in Bayamón, Puerto Rico. In or around December of 2001, Co-defendant Azalia Ortega-de-Tirado (hereinafter "Ortega-de-Tirado") was designated Acting Associate Director or Services Director of the ADSEF Division. On January 10, 2002, Ortega-de-Tirado announced that Co-defendant Luis Calderón (hereinafter "Calderón") was to become the new supervisor of the ADSEF Division. At that time, Calderón had been working at the Department for approximately five (5) months in a transitory position as Administrative Official I.

In a letter dated January 11, 2002, Plaintiff notified Co-defendants Carmen Arroyo-Chinea (hereinafter "Arroyo-Chinea") and Ortega-de-Tirado of his disagreement with Calderón's designation, stating that there were others in the ADSEF Division that were

more qualified and experienced than Calderón and that he believed the decision was politically motivated. Co-defendants Ortega-de-Tirado, Calderón, and Arroyo-Chinea are affiliated with the Popular Democratic Party (PDP), while Plaintiff is an active member of the New Progressive Party (NPP).

Plaintiff claims that after writing the January 11, 2002 letter, Ortega-de-Tirado began to harass him by refusing to compensate him for work-related tasks completed outside the office and denying "evidence to justify his absences from office [sic] while attending medical appointments and other personal matters." (*See* Dkt. No. 1, p.6 ¶20). Plaintiff claims that such action resulted in multiple undue reprimands against him for deficient work attendance. Plaintiff consequently wrote multiple letters to Ortega-de-Tirado's supervisor– Arroyo-Chinea– complaining of the alleged harassment. Arroyo-Chinea allegedly promoted and supported the actions taken by Ortega-de-Tirado and took no efforts to assist Plaintiff.

On March 6, 2002, Ortega summoned Plaintiff for a meeting where she discussed an allegation that Plaintiff had sexually harassed Co-defendant Virginia Pizarro (hereinafter "Pizarro"). Plaintiff alleges that Pizarro's accusations of sexual harassment are false and defamatory. In a letter dated October 27, 2003 and signed by Yolanda Zayas, Plaintiff was notified of his employer's intention to terminate his employment for alleged absenteeism, insubordination, and refusal to follow supervisor Ortega-de-Triado's instructions. On February 3, 2004, Plaintiff received a letter dated January 29, 2004, stating that his employment had been terminated. Plaintiff alleges that the termination and Defendants' actions constitute discrimination on the basis of his political affiliation and retaliation for "whistle-blowing" activities of reporting Ortega-de-Tirado's abusive and discriminatory acts and violations of law or Department regulations.

In the complaint Plaintiff enumerates causes of action for: (1) retaliation for "whistle-blowing" in violation of the United States Constitution and Puerto Rico Law No. 115 of December 20, 1991, 29 LPRA § 194a, *et seq.*; and Law No. 426 of November 7, 2000, 1 L.P.R.A. § 601, *et seq.*; (2) political discrimination in violation of the United States Constitution and Puerto Rico's anti-discrimination statute, Law No. 100, 29

4

L.P.R.A 146, *et seq.*; and (3) damages under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141, 5142.

## DISCUSSION

Defendants seek to dismiss the complaint on the grounds that: (1) Plaintiff's claims are barred under the Eleventh Amendment; (2) Plaintiff has failed to state a claim under 42 U.S.C. § 1983; (3) Plaintiff has failed to allege a political discrimination claim; (4) Plaintiff has failed to allege retaliation or "whistle-blowing" claims; (4) Defendants, in their individual capacities, are entitled to qualified immunity; and (5) Plaintiff's supplemental state law claims should be dismissed because no independent source of jurisdiction remains.  The Court shall address each argument in turn.

### I.

### Eleventh Amendment

Defendants proffer two separate Eleventh Amendment immunity arguments. First, Defendants contend that the Commonwealth of Puerto Rico and the Department of the Family are entitled to Eleventh Amendment immunity, and thus the claims against these defendants should be dismissed. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  For Eleventh Amendment purposes, the Commonwealth of Puerto Rico is treated as if it were a state. *Redondo Const. Corp v. Puerto Rico Highway & Transp. Auth.*, 357 F.3d 124, 125 n.1 (1st Cir.2004)(citing *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991)); *see also Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 n.3 (1st Cir.1993). Thus, the Eleventh Amendment renders Puerto Rico immune from claims brought in federal court by citizens of Puerto Rico or any other state absent waiver. *Metcalf & Eddy, Inc.,* 991 F.2d at 938; *De León López*, 931 F.2d at 121. A state can waive its Eleventh Amendment immunity to suit in three ways: (1) by clear declaration that it intends to submit itself to the jurisdiction of the federal courts; (2) by

consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation. *New Hampshire v. Ramsey*, 366 F.3d 1, 15 (1st Cir.2004). In the present case, there is no indication that Puerto Rico has waived Eleventh Amendment immunity.

Eleventh Amendment immunity does not solely protect the State itself.  "It is well settled that sovereign immunity under the Eleventh Amendment extends beyond the core of the state government to 'arms of the state.'" *Gonzalez de Blasini v. Family Dept.*, 278 F.Supp.2d 206, 209 (D.P.R. 2003) (citing *Metcalf & Eddy, Inc.,* 991 F.2d at 939); *See also, Arizonans for Official English v. Arizona*, 520 U.S. 43, 45 (1997))(citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)) (noting that § 1983 action do not lie against states or governmental entities that are considered "arms of the State."). This Court has previously found that in an action brought pursuant to the First Amendment that the Puerto Rico Department of the Family "is an arm or 'alter ego' of the State, and is entitled to immunity under the Eleventh Amendment." *Gonzalez de Blasini*, 278 F.Supp.2d at 210. Accordingly, the Court finds that pursuant to the sovereign immunity doctrine of the Eleventh Amendment, Plaintiff's claims against the Commonwealth of Puerto Rico and the Department of the Family are barred.

Defendants' second argument is that Plaintiff's claims for monetary damages against the individual defendants in their official capacities are barred by the Eleventh Amendment. The Eleventh Amendment prevents an award of monetary relief from a state treasury even when the individual officer, rather than the state itself, is the named defendant in a suit. *Ford Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464 (1945) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party interested and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."). The Eleventh Amendment is concerned with protecting state treasuries, not individual officers. Thus, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as when an officer is sued in his or her individual capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985) (discussing distinction

between suits against an officer in an individual as opposed to an official capacity). *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (Official capacity suits occur when a plaintiff sues the government entity by naming the officer as a defendant, whereas individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law.").

Additionally, in a § 1983 action money damages are unavailable against a state government and individual defendants in their official capacity for reasons other than the Eleventh Amendment. *See Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 222 (1st Cir.2003) (citing *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 705 (1st Cir.1993)("An official capacity suit is, in reality, a suit against the governmental entity, not against the governmental actor.")). "The shortest, most direct route to that result evolves out of the fact that neither a State nor its officers in their representative capacities are 'persons' within the meaning of 42 U.S.C. § 1983 with respect to an action for damages. *See Will*, [ 491 U.S. at 71]; *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991)." *Id.* However, it should be noted that the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Will*, 491 U.S. at 71 n.10. ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the state.'") (citing *Kentucky*, 473 U.S., at 167 n.14; *Ex Parte Young*, 209 U.S. at 159-60.).

It is clear that under the Eleventh Amendment and 42 U.S.C. § 1983 Plaintiff cannot maintain claims for monetary damages against the individual defendants in their official capacities. Accordingly, in addition to dismissing Plaintiff's claims against the Commonwealth of Puerto Rico and the Department of the Family, the Court hereby dismisses Plaintiff's claims for monetary damages against the individual defendants in their official capacities.

7

## II.

## 42 U.S.C. § 1983

A claim under 42 U.S.C. § 1983 has two essential elements: (1) the conduct complained of must have been committed under color of state law, and (2) the conduct must have worked a denial of rights that are protected by the Constitution or laws of the United States. *Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir. 1995). Regarding the first element, there is no dispute that in the instant case Defendants acted under color of state law. The second element has two aspects: (i) there must have been a deprivation of federal rights, and (ii) there must have been a causal connection between the conduct complained of and the deprivation of rights. *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir. 1989).

Defendants argue that Plaintiff has failed to allege any conduct or inaction that may have deprived Plaintiff of a protected federal right. In the complaint, Plaintiff sets forth multiple factual allegations of harassment and adverse employment decisions which were the direct result of Azalia Ortega-de-Tirado and Carmen Arroyo-Chinea's acts or omissions and were allegedly motivated by political animus or retaliation for whistle-blowing in violation of the First Amendment. Therefore, Plaintiff has adequately stated § 1983 claims against Co-defendants Ortega-de-Tirado and Arroyo-Chinea.

As to Co-defendant Luis Calderón, Plaintiff alleges that Calderón as a supervisor was jointly responsible for Plaintiff's termination from employment and that Calderón discriminated and retaliated against him. There is no respondeat superior liability under § 1983. *West v. Atkins*, 487 U.S. 42, 54 n. 12 (1998)(citing *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 690-95 (1978)). A supervisor can be held liable only on the basis of his own acts or omissions. *See Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989). However, "[s]upervisors need not have personal knowledge of the alleged violation . . . if they were indirectly responsible for or could have prevented the challenged act." *Id*. At this stage of the proceedings, accepting all well-pled factual averments as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot conclude that there

is no possible set of facts that could be proffered by Plaintiff in which Calderón was aware of the alleged violations against Plaintiff, or was indirectly responsible for the alleged violations, or could have prevented these violations. *See Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 497-98 (1st Cir.1993) ("A dismissal on the pleadings will be upheld only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle it to relief.").  Thus, at this time, it would be improper to dismiss Plaintiff's claims against Calderón for failure to establish a claim under § 1983.

As to Co-defendants Abigail Matos, Olga Torres-Ortega, and Virginia Pizarro, Plaintiff alleges that "Abigail Matos, Olga Torres, and Virgina Pizarro conspired with Azalia Ortega to deny plaintiff's salary payment of his work-related activities and personal activities" [2] and that Olga Torres and Virgina Pizarro "conspired with co-defendants . . . in order to terminate plaintiff from employment."[3] Additionally, concerning Virgina Pizarro Plaintiff claims that allegations were made that he sexually harassed her and that "[a]ny declaration from co-defendant Virginia Pizarro accusing him of sexual harassment is a false and defamatory statement."[4] Although the factual allegations concerning these co-defendants are somewhat sparse, under the notice pleading standard the Court cannot conclude beyond doubt– without the benefit of a developed record– that Plaintiff can prove no set of facts in support of his § 1983 against these Defendants that would entitle him to relief. *See Gaskell*, 3 F.3d at 497-98. Accordingly, dismissal of Plaintiff's claims against Co-defendants Matos, Torres-Ortega, and Pizarro would be premature at this stage of the proceedings.

Therefore, Defendants' motion to dismiss on the grounds that Plaintiff has failed to establish a section 1983 claim is denied.

---

[2] *See* Dkt. No. 1 at p.8, ¶ 30.

[3] *See id.* at p.11, ¶ 53.

[4] *See id.* at pp. 6-7, ¶ 24.

9

### III.

### Failure to State a Claim

Defendants argue that the complaint should be dismissed because Plaintiff has failed to establish prima facie cases of political discrimination, retaliation, or whistle-blowing. The Court rejects these arguments. Defendants appear to overlook the fact that there is no heightened pleading requirement in civil rights cases. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 128 (1st Cir.2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir.2004). Hence, in adjudicating the present motion to dismiss under Rule 12(b)(6), the Court must simply apply the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Cepero-Rivera,* 414 F.3d at 128; *Educadores Puertorriquenos en Accion*, 367 F.3d at 66-67. "Under Rule 8(a)(2), a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 129 (citing *Educadores Puertorriquenos en Accion*, 367 F.3d at 66) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

Plaintiff presents two First Amendment claims: political discrimination and retaliation for whistle-blowing. "The First Amendment protects associational rights. Incorporated with this prophylaxis is the right to be free from discrimination on account of one's political opinions or beliefs." *Galloza v. Foy*, 389 F.3d 26, 28 (1st Cir. 2004) (citing *LaRou v. Ridlon*, 98 F.3d 659, 661 (1st Cir. 1996)). To make a prima facie case of political discrimination a "plaintiff must show that he engaged in constitutionally protected conduct, and that this conduct was a substantial or motivating factor for the adverse employment decision." *Padilla-Garcia v. Guillermo Rodriguez*, 212 F.3d 69, 74 (1st Cir. 2000). In the present case Plaintiff alleges in the complaint that he engaged in the protected conduct of being an active member of the NPP and participating in NPP political activities. Plaintiff also alleges that due to his association with the NPP he was subjected

10

to harassment, unwarranted reprimands for deficient attendance, and ultimately was terminated from employment.

Defendants argue that Plaintiff's political discrimination claims should be dismissed because Plaintiff has failed to show a causal connection between Defendants' conduct, the challenged employment actions, and Plaintiff's political affiliation. The Court is unpersuaded. Applying the standards of Rules 8(a)(2) and 12(b)(6), the Court cannot conclude that Plaintiff will be unable to prove any set of facts that would establish a causal connection between Defendants' conduct and the challenged adverse employment actions or that Plaintiff will otherwise be unable to establish facts which will entitle him to relief. As such, Defendants' motion to dismiss Plaintiff's political discrimination claim is denied.

The Court turns to Plaintiff's claim for retaliation for "whistle-blowing." To prevail on such a claim Plaintiff must ultimately establish that (1) the speech at issue involves matters of public concern, *Connick v. Myers*, 461 U.S. 138, 146; 103 S.Ct. 1684, 1685 (1983); (2) the Plaintiff's and the public's First Amendment interests outweigh the government's interest in promoting efficiency in the services that it provides, *Mullin v. Town of Fairhaven*, 284 F.3d 31, 37 (1st Cir. 2002); and that (3) the "protected expression was a substantial or motivating factor" in the adverse employment decision. *Id.* at 38 (citing *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576 (1977)); *see also Guilloty Perez v. Pierluisi*, 339 F.3d 43, 51 (1st Cir. 2003) (quoting *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1735 (1968)).  In the complaint Plaintiff alleges that he reported to his supervisors that Calderón's designation to the position of supervisor was politically motivated and amounted to political discrimination, and that Plaintiff had been repeatedly harassed, discriminated against, and subjected to unjustified reprimands by his supervisor Ortega-de-Tirado in violation of law and Department regulations.

Defendants move to dismiss Plaintiff's retaliation for whistle-blowing claims on the grounds that Plaintiff's expressions are that of personal interest, rather than public concern. Although the bulk of Plaintiff's reports to his supervisors appear to concern only Plaintiff's personal interests, without the benefit of a developed record, the Court cannot find that none of his reports implicate public concern. For instance, Plaintiff's reports

11

concerning allegations that Calderón was not qualified for the position of Department supervisor and that the appointment was politically motivated and discriminatory decidedly resonate as matters of public concern. There is no indication that Plaintiff made these complaints to benefit himself personally or professionally. At this stage of the pleadings, the Court cannot conclude that Plaintiff will be unable to prove any set of facts that (1) his speech involves matters of public concern; (2) his and the public's First amendment interests outweigh the Department's interests in promoting the efficiency of the public services it performs; and (3) Plaintiff's expressions were a substantial or motivating factor in the challenged adverse employment actions. Such issues would be more appropriately resolved after the development of the record and upon motion for summary judgment. *See* Fed.R.Civ.P. 56(c). Therefore, Defendants' motion to dismiss Plaintiff's First Amendment retaliation for whistle-blowing claims is denied.

## IV.

### Qualified Immunity

The individual Defendants in their personal capacities argue that they are entitled to qualified immunity. At the motion to dismiss stage, the threshold question in conducting a qualified immunity inquiry is whether the allegations, taken in the light most favorable to the plaintiff, could support a conclusion that the defendant government actor abridged any constitutional right. *Coyne v. Cronin*, 386 F.3d 280, 286 (1st Cir.2004). *See also Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Santana v. Calderon*, 342 F.3d 18, 23 & 29 (1st Cir. 2003). If the facts alleged show that the defendant officer's conduct violated a constitutional right, the Court must ask whether "the contours of this right are 'clearly established' under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana v. Calderon,* 342 F.3d 18, 23 (1st Cir 2003) (citing *Dwan v. City of Boston*, 329 F.3d 275, 278 (1st Cir. 2003)).

In the instant case, the response to both inquires must be in the affirmative. As discussed above, Plaintiff has asserted viable claims of violations of his speech and

12

associational rights under the First Amendment. Further, taking the allegations in the light most favorable to Plaintiff, the Court cannot conclude that the constitutional rights implicated were not "clearly established under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana*, 342 F.3d at 23. Thus, without a developed record the Court may not find that Defendants are entitled to the protection of qualified immunity. Accordingly, Defendants' motion to dismiss on the grounds that they are entitled to qualified immunity is denied.

## V.

### Supplemental Commonwealth Claims

Defendants' final argument is that Plaintiff's supplemental commonwealth claims should be dismissed pursuant to 28 U.S.C. § 1367(c)[5] because all of Plaintiff's federal claims warrant dismissal. As discussed above, Plaintiff's claims brought pursuant to the First Amendment survive Defendants' Rule 12(b)(6) motion to dismiss. Accordingly, Defendants' motion to dismiss Plaintiff's supplemental commonwealth claims pursuant to 28 U.S.C. § 1367(c) is denied.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is hereby **granted in part and denied in part**. Plaintiff's claims against the Commonwealth of Puerto Rico, the Department of the Family, as well as Plaintiff's claims for monetary damages against the individual Defendants in their *official* capacities are hereby dismissed. Plaintiff's First Amendment and supplemental commonwealth claims otherwise survive.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 28, 2006.

---

[5] 28 U.S.C. § 1367(c) provides that "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiciton."

13

S/ HECTOR M. LAFFITTE
United States District Judge